UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| TEANDREA LYNETTE CLARK, | ) |
| | ) |
| Plaintiff, | )  Case No. 1:06-CV-264 |
| | ) |
| v. | )  Honorable Robert Holmes Bell |
| | ) |
| MUSKEGON POLICE OFFICERS | ) |
| COREY LUKER, EMILIO TREJO, | )  **MEMORANDUM OPINION** |
| STEVEN STOUT, and RICHARD BLEICH, | ) |
| Jointly and Severally, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This is a civil rights action brought pursuant to 42 U.S.C § 1983 and pendent state-law theories arising from the allegedly unlawful search, seizure, and arrest of plaintiff by officers of the Muskegon Police Department. The court conducted the case management conference for this matter on August 7, 2006 and thereafter issued a case management order pursuant to FED. R. CIV. P. 16(b). The case management order granted the parties an eight-month period to complete discovery, closing on April 1, 2007 (Order ¶ 4, docket # 21). Dispositive motions are due no later than May 1, 2007 (*Id.*, ¶ 5(b)), and the case must be submitted to standard track case evaluation during the month of April 2007 (*Id.*, ¶ 6). Jury trial is scheduled for October 1, 2007 (*Id.*, ¶ 1).

One day before the close of discovery, the parties presented a stipulation and proposed order extending all dates and deadlines in the case for a period of three months (docket # 28). By order entered April 2, 2007, Chief Judge Robert Holmes Bell declined to enter the

stipulated order, on the ground that the parties had advanced no reason for the requested relief. (Order, docket # 29). Ten days later, plaintiff filed a motion seeking an unspecified extension of time to complete discovery and file dispositive motions. (Docket # 30). As grounds for the relief requested, plaintiff's counsel asserted that she had been involved in a five-week jury trial in the Eastern District of Michigan in July of 2006, ending in a mistrial, and that the retrial began on March 20, 2007. Counsel also disclosed that she is scheduled to begin another trial in Wayne County Circuit Court in late April 2007. Defendants' response to the motion (docket # 31) does not strenuously oppose the relief requested, but recites that in the opinion of defendants, no further discovery is necessary to resolve the matter.

## Discussion

The Federal Rules of Civil Procedure authorize the court to amend a case management order upon showing of "good cause." FED. R. CIV. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Perf. Indus., Inc.* 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The court should also consider possible prejudice to the party opposing the modification. 426 F.3d at 830. Consequently, although a court's case management order is not written in stone, neither is it a meaningless piece of paper that the litigants can ignore at their whim. Rather, the party seeking relief from a case management order must make a showing of good cause, demonstrating why the requirements of the order cannot reasonably be met despite the diligence of the party seeking the extension. *See* FED. R. CIV. P. 16, Advisory Committee Note (1983); *see also Leavy v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Plaintiff has failed to establish good cause for her eleventh hour request to modify the case management order. Plaintiff principally relies on her counsel's engagement in a five-week jury trial conducted in the Eastern District of Michigan in July of 2006, <u>before</u> the case management order was entered in the present case. It is unclear to this court why a five-week trial in July 2006 should impede counsel's ability to comply with the requirements of a case management order entered in August 2006. Counsel then asserts that the retrial of the Eastern District case began on March 20, 2007. Counsel fails to account for the seven-month period between August 2006 (when the case management order was entered) and March 20, 2007 (when the retrial began). Certainly, the eight-month period granted for discovery in the case management order was more than ample. In the exercise of diligence, plaintiff's counsel had more than enough time to take depositions before the retrial began. The docket sheet in this matter does not reflect that plaintiff took any discovery in the eight-month period preceding her request to modify the case management order. Simply put, when a party waits until the last month of the allotted discovery period in which to begin discovery and then finds herself unable to do so because of counsel's preoccupation with another case, the record could not possibly support a finding of diligence.

The court is also required to consider the issue of prejudice to the opposing party. The time limit in the case management order for discovery has now elapsed, and the defendants have expressed their desire to file dispositive motions, which are due May 1. Obviously, an extension of time for discovery would require a delay in motion practice and, given the crowded docket of this court, an inevitable delay in the trial date. In the absence of good cause, all litigants are prejudiced by unwarranted delays in the resolution of civil actions. The issue of prejudice is not dispositive in this matter, but certainly does not support plaintiff's request for an unwarranted delay.

Although the court stands ready to entertain reasonable requests for modification of a case management order to remedy unforeseeable developments, such as the unavailability of witnesses, illness of counsel, or unanticipated complexity in the case, a request for amendment of a case management order made after the expiration of a deadline and supported only by counsel's preoccupation with other cases hardly shows diligence, good cause, or a respect for the court's efforts to bring each civil action to a just and speedy resolution. As plaintiff has utterly failed to show good cause, her motion will be denied. All dates and deadlines in the case management order remain unchanged.


Dated:     April 30, 2007            /s/ Joseph G. Scoville
                                                          Joseph G. Scoville
                                                          United States Magistrate Judge